# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DTN, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>                    Defendant. | Civil Action No. 18-384-LPS |

## MEMORANDUM ORDER

Having reviewed the parties' letters relating to their discovery disputes (D.I. 172-174, 190, 192), **IT IS HEREBY ORDERED** that:

1. Pioneer's objections to DTN's request for text messages amongst Pioneer employees are **SUSTAINED** as DTN had notice of Pioneer's use of text messages to conduct business as early as July and the request is untimely.

2. DTN must promptly designate witnesses in response to Pioneer's 30(b)(6) notice.

3. Pioneer's request to compel depositions of Messrs. Dilworth and Holland on dates earlier than October 23 and 24 and in different locations than offered is **DENIED** as Pioneer has not shown that it exhausted less intrusive means of obtaining the same discovery from means other than apex depositions.

4. Pioneer's request to compel the deposition of Mr. Sznaider is **GRANTED** and DTN may produce the witness at a time and location convenient for the witness shortly after he returns from his travels at the end of October, but Pioneer's request for reconsideration of the

1

Court's order that Pioneer pay DTN's costs and fees associated with the deposition that Pioneer unilaterally canceled is **DENIED**.

5. Pioneer's request to amend the Protective Order to prevent non-attorney party representatives from accessing materials designated "Attorneys' Eyes Only" is **DENIED** because DTN has no in-house counsel and DTN reasonably requires a party representative have access to all materials produced in the litigation.

**IT IS FURTHER ORDERED** that by **October 15**, Pioneer send an email to its CSAs and seed reps through the group emailbox set up for precisely such communications, encircaservices@pioneer.com, and ask them to promptly send in all of their personal emails and text messages used to communicate with Collaboration Customers about canceling DTN contracts, not paying DTN bills, or returning DTN weather stations during the relevant time period, and that Pioneer shall provide rolling productions of such emails and text messages to DTN and complete its production no later than **October 26**. While the Court does not question Pioneer's good faith in its initial proposal for the search of CSA email accounts, since that search produced only five responsive documents, and since the Court has already found that the CSAs' communications with Collaboration Customers is highly relevant to the dispute, the Court will order an alternative means of obtaining those communications. While the Court recognizes the burden this process may have on Pioneer, the Court finds there is no other way to obtain those communications. The parties are encouraged to agree on language for Pioneer's mass email to prevent further disputes.

**IT IS FURTHER ORDERED** that the Scheduling Order as amended (D.I. 68, 112) is

further **AMENDED** as follows:

1. Rebuttal Expert Reports are due **October 31, 2018**.

2. Reply Expert Reports are due **November 9, 2018**.

3. Close of Expert Discovery is **November 20, 2018**.

4. Case Dispositive Motions are due **November 26, 2018**.

5. The Pretrial Conference is **December 21, 2018 at 10:00 AM**.

October 11, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

3